Donald E. Balmer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Gimbel Brothers, Inc., Intervenor.

Argued November 13, 1979, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

230

*Ira J. K. Wells, Jr.,* with him *Donald E. Balmer,* pro se, for petitioner.

*David R. Confer,* with him *Daniel Schuckers,* Assistant Attorney General, for respondent.

*Brenda Kinney,* with her, *Jane Ruddell, Gregory J. Winsky, Schnader, Harrison, Segal & Lewis,* for intervenor.

OPINION BY JUDGE CRUMLISH, JR., January 2, 1980:

Donald E. Balmer in this appeal contends that the Unemployment Compensation Board of Review, which denied him benefits under Section 402(e) of the Unemployment Compensation Law[1] for willful misconduct, erroneously rejected his argument that he had good cause to refuse a specific work assignment because it was the culmination of a pattern of increasing responsibilities without adequate remuneration solely because of his race.

Our review of the extensive testimony and exhibits fully supports the Unemployment Compensation authorities.

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Balmer refused an order to monitor preparations for inventory. The assignment would have required him to spend several days each week for four to eight weeks at a distribution center away from Philadelphia.[2] He had been employed as Furniture Unit Control Manager and was paid $10,500 annually. In his brief, he tells us that it is undisputed that he was asked to take this additional assignment because he was the most logical person for the job, although it was new work for him.

There is nothing in the record to support the position that the assignment or the absence of a pay raise was the culmination of a continuing pattern of racial discrimination. On the contrary, as claimant notes, he was the most logical person for the responsibility and many executives are asked to assume additional responsibility as a matter of course. The referee's finding that the assignment was not unduly burdensome and that other executives, regardless of their races, have been asked to perform similar functions is supported by the record.

From our review of the record, we must agree with the Board's conclusion of willful misconduct for refusal to perform the designated temporary assignment. It was a reasonable assignment and refusal to perform was contrary to the employer's reasonable expectations. Racial discrimination is not in this case.

Accordingly, we

ORDER

AND Now, this 2nd day of January, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Donald E. Balmer at Decision No. B-129205-B, is affirmed.

---

[2] His permanent place of employment was at Gimbels Department Store in Philadelphia.